■ DAVID NALBACH, Respondent, v JAMES E. McDONALD et al., Respondent, and BUSH LEASING, INC., Appellant. [664 NYS2d 476] —In an action to recover damages for personal injuries, etc., the defendant Bush Leasing, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated December 9, 1996, as denied those branches of its motion which were to strike the deposition of the defendant James E. McDonald and to compel McDonald to appear for a new deposition pursuant to CPLR 3106 (c).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, payable to the respondents appearing separately and filing separate briefs.

The defendant James E. McDonald was incarcerated when the depositions of other parties to this action were taken. McDonald's counsel arranged for McDonald to be deposed at the correctional facility on October 25, 1996. Contrary to the assertion of the appellant Bush Leasing, Inc. (hereinafter Bush), the record supports the determination that Bush was aware of and agreed to the date of the scheduled deposition as early as August 1996. Bush made no objection until October 16, 1996, nine days before the scheduled examination, when it sought an adjournment from McDonald's counsel. McDonald's counsel declined to adjourn the deposition due to the "great lengths" he went to in order to arrange the timing of the deposition with all counsel and the correctional facility. Bush then moved to strike the deposition and have a new deposition taken, on the ground that the deposition was not pursuant to court order as required by CPLR 3106 (c). The Supreme Court denied the motion, and we affirm.

The purpose of CPLR 3106 (c) is to prevent the disruption of prison routine and to provide a mechanism of court oversight before a correctional facility may be compelled to open its doors for the deposition of one of its prisoners (see generally, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3106:6, at 435; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3106.16). It is not intended to supply a party to an action with a procedural ploy to gain a last-minute adjournment of a scheduled examination, as Bush sought to do here. Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.